KAAKAUMAKAHI *vs.* JOSEPH P. MENDONCA AND JASPER SILVA.

ON APPEAL FROM THE INTERMEDIARY COURT OF OAHU.

A PARTY MAY BRING an action to test the legality of the impounding of his animals, though he does not procure the release of the animals from the pound.

Both plaintiff and defendants owned land adjoining each other upon which they severally had cattle running in common, on the understanding that neither party should arrest the animals of the other;

HELD, that until this agreement was rescinded, the animals of one party on the land of the other were not in trespass, and the impounding of animals so taken is illegal.

Opinion of the Court by McCULLY, J.

The appeal in this case is as follows: "The defendants, by

Kaakaumakahi *v.* Joseph P. Mendonca and Jasper Silva.

their attorney, moved to dismiss the cause herein on the ground that the plaintiff had not brought her action under Sections 244 and 245 of the Civil Code, but had brought an action to recover the possession of the property or its value, which property was then in possession of the pound keeper at Waialua, who was not a party to the suit, and that judgment was given for the restitution of said property in the possession of said pound keeper, which motion was overruled by the Court, on which holding of the Court, the defendants by their attorney took an appeal as follows:

That upon the trial of said cause the following facts were proven or admitted in evidence: That defendants were in possession of about 6,000 acres of grazing land, which was enclosed, and that within the limits of said grazing land plaintiff had 102 acres not enclosed; that defendants' cattle and horses run on plaintiff's land; that plaintiff's horses and cattle had run and grazed in common on defendants' land for several months; that defendants tried to make an agreement with plaintiff as to the number of horses and cattle that she should graze on the land, but she refused to make an agreement; that defendants after notice took up eleven head of horses on their land and let seven go, driving four head to the pound and there impounding them, after notice and demand of $1.10 per head of plaintiff, which was refused by her. These are the horses in question, the defendants alleging at the time they were impounded that the proportion of horses that the plaintiff was entitled or permitted to run on their land was only seven, and that the four they impounded was in excess of that number. It further appeared in evidence that the number of the plaintiff's stock running on defendants' land was thirty-three head, while defendants had upwards of two hundred; and further, that plaintiff paid no money to the District Judge at Waialua, and gave no bond as required by the statute previous to the commencement of the suit.

The Court held that this state of facts showed no trespass of

Kaakaumakahi *v.* Joseph P. Mendonca and Jasper Silva.

plaintiff's horses, there being an understanding to run in common, but without settlement of the proportion; and that the impounding was unlawful.

From which opinion of the Court, the defendants by their attorney appealed.

BY THE COURT.

The Sections, 244 and 245 of the Civil Code, above referred to, prescribe that whenever any dispute arises between the owner of the land trespassed on and the owner of the animals impounded, the latter may get immediate possession of them by depositing the amount claimed or a bond with a District Justice, and afterwards trying the question as to the legality of the arrest, or the amount of the damage, before the Justice. It appears by the record that the defendants were cited in the District Court upon a complaint which may be translated thus:

"The said defendants have illegally impounded four of plaintiff's horses in the Government pound, on the 17th of October, 1878. The plaintiff demands in this Court that they return the said horses (describing them) or pay the plaintiff $32 damages with cost." The animals were then in the custody of the pound keeper, who was not a party to the suit, but upon the plaintiff's recovering a judgment, they were surrendered; whether voluntarily by the pound keeper, or whether the defendants, who had impounded them, procured their release, does not appear, but the plaintiff now holds them.

We are asked to dismiss the appeal because the plaintiff, instead of depositing money or a bond, suffered the horses themselves to remain pending the action upon the legality of the pounding, and secondly, because the complaint having some features of trover is brought against parties who did not have possession, and not joining the pound master who held possession.

By reference to the statute it will be seen that what is there provided for, is, that the owner of the trespassing animals may

get the immediate custody, use and keeping of them without waiting for the termination of a trial. Horses or cattle used in teaming—it might be a heavy loss to hold them, while the mere question of trespass or the amount of damage may be determined by litigation. But we do not see that the statute in providing this method for the immediate surrender to the owner prohibits his leaving them in custody if he plan to do so, until he has brought suit, nor does it appear sound to dismiss the case, because the horses were restored by the pound keeper, not being a party to the suit. The parties who have been made defendants herein are admitted to be the proper defendants, if the action had been brought as prescribed in Sections 244 and 245.

The substantial matter set forth in the complaint was that the defendants had illegally seized and impounded the plaintiff's horses, which was a matter within the jurisdiction of the District Justice.

The plaintiff and defendants were owners of adjoining pieces of land. It does not affect the principle of the case, that the defendants' land was of greater extent or that it surrounded the plaintiff's piece, or that defendants had a fence on the exterior boundaries of their land, that is, where they joined some other persons than the plaintiff. Each party holds his land by the equal title of a grant from the Government. Either party had the right to arrest animals of the other trespassing on his land, unless the right had been suspended by agreement or by a decision of the Fence Commissioners.

There was no fence between these parties. There was an understanding or informal agreement, which had been acted upon for some time, that neither party should molest animals of the other, they were to run in common, the number which each might run not having been determined.

The defendants had proposed to the plaintiff to agree to limit her animals to a certain number, but she had not consented and the agreement to run in common had not

been rescinded, nor had notice been given of an intention to rescind and permit each party to stand on his right to arrest animals which should trespass. The defendants' cattle were moving over plaintiff's land without molestation.

Under these circumstances the defendants drove in eleven head of plaintiff's stock, and releasing seven made a demand for $1.10 damage per head for four, as if in trespass, and the demand being refused put them in the pound, claiming that inasmuch as these were in excess of plaintiff's proportion, in the judgment of the defendants, they were trespassers.

But if the animals were on defendants' land by permission they could not be deemed trespassers. By mutual agreement there was to be no trespass in the pasturing of their animals on the land of either party, and this agreement was without regard to the number of animals which either might run. The defendant makes an argument on the fact that defendants had desired the plaintiffs to agree to restrict the number of her stock to some figure, but, if she had not consented, there was no contract, and the parties remained on their agreement to run in common any number of stock that either had. If this bargain were inequitable, owing to the disparity of the areas which were put in common, it is still the bargain which the parties have made, and on which they must stand till either may rescind it.

It is in the power of the defendants to protect themselves from being overrun by the stock of owners of small pieces of land, by resorting to the provisions of the Fencing Act, by which the plaintiff may be compelled to join in fencing her lines, or to have the number of cattle which she may run prescribed by the Commissioners, under a penalty, and the defendants would in like manner be restricted in the amount of stock which they might run.

But whether the parties come to the basis of defined numbers of stock by voluntary agreement, or by decision of the Fence Commissioners, in neither case will the remedy for an excess be by arrest in trespass.

The judgment of the Intermediary Court affirming the decision of the District Court in favor of the plaintiff is, therefore, affirmed with costs.

W. C. Jones for defendants.

Honolulu, July 31; 1879.